### ABRAHAM KASTOR *v.* BENJAMIN NEWHOUSE.

In an action on the case against the owner of a house and lot for injury to the adjoining house, where it appeared that the alleged injury resulted from the want of proper repairs to the leader and gutter upon the defendant's premises, and also that those premises were in the occupation of the defendant's tenants; *held,* that upon this proof alone, the rule presumptively applied that the *tenant* was bound to repair, and that, therefore, the landlord was not liable.

ACTION in the Third District Court, for injuries to the building of the defendant, caused by imperfections in a water leader and gutter upon the adjoining premises, which were owned by the plaintiff, and by him leased to tenants in possession. The court below gave judgment for the defendant, upon the ground that the liability was on the part, not of the landlord, but of the tenants. The evidence showed that the defendant's house was occupied by tenants, but did not disclose the terms of the lease or leases, nor whether the premises were let in apartments to various persons.

*F. J. Beck* and *Q. McAdam,* for the plaintiff.

*William C. Carpenter,* for the defendant.

BY THE COURT. WOODRUFF, J.—Without expressing any opinion upon the questions which might have arisen had the

manner of the defendant's letting the property been shown, or the terms thereof, or if it had appeared that the defendant's premises were let out in apartments to various tenants, we think, that upon mere proof that the premises were occupied by the defendant's tenants, the rule presumptively applies that the tenant is bound to repair, and, therefore, that the landlord is not liable for the neglect to do so, in accordance with the principles of *Payne* v. *Rogers*, 2 H. B. L. 349; *Cheetham* v. *Hampton*, 4 T. R. 318; *Blunt* v. *Acker*, 15 Wend. 524, and *Waggoner* v. *Jermaine*, 3 Denio, 306.

Judgment affirmed, with costs.